UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Shawn Ryan McCann,                                  Civ. No. 17-5253 (DSD/BRT)

      Plaintiff,

v.                                                  **REPORT AND RECOMMENDATION**

USA.ORG, et al.,

      Defendants.

---

Plaintiff Shawn Ryan McCann did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) After review of that IFP application, this Court concludes that McCann qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511

F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

McCann's Complaint is unclear both as to the basic factual allegations being placed at issue by McCann and the specific persons or entities being sued.[1] Although McCann lists a number of legal theories, causes of action, and statutes by which he hopes to recover—including the "Declaration of Independence Act," the "Disability Act," and the Constitution—he does not set forth sufficient allegations from which this Court could conclude (should those allegations be proved true) that any Defendant has violated the law with respect to McCann.

The documents filed by McCann alongside the Complaint do offer some clues about the claims he may be attempting to pursue in this litigation. First, McCann has submitted as an exhibit to his Complaint a list of Minnesota criminal case records in

---

[1] For example, several officers of this District, including the undersigned, have been listed as Defendants on the docket of these proceedings. But it is not clear from the pleading that McCann intended for these individuals to be included as Defendants, and none of the allegations in the pleading or other documents relate to alleged misconduct by any of these individuals. (For that same reason, the undersigned declines to recuse from these proceedings, despite putatively having been named as a Defendant.)

which he was a defendant. (*See* Doc. No. 1-1.) Several of the cases on the exhibit—each listed as resulting in a conviction — have been marked by McCann. (*Id.*) It appears that McCann may be attempting to challenge the legality of these convictions. If so, his claims would be precluded by the doctrine set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (footnote and citation omitted). In other words, a litigant cannot maintain a civil action that, if successful, would necessarily cast doubt on the validity of a facially valid criminal judgment.

Second, McCann suggests in his "opening argument" that his brother has also suffered harms that he intends to prosecute in this action. (*See* Doc. No. 4 at 1.) As a *pro se* litigant, though, McCann may prosecute claims only on his own behalf, not on behalf of others.

In any event, the Complaint, as pleaded, fails to make out a plausible claim for relief. Accordingly, this Court recommends that this matter be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  This matter be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  Plaintiff Shawn Ryan McCann's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**; and

3.  McCann's motion for discovery (Doc. No. 3) be **DENIED**.

Dated: January 8, 2018                *s/ Becky R. Thorson*
                                      BECKY R. THORSON
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).